IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| JEAN JOCELYN MERILIEN, | : | |
| Plaintiff, | : | |
| VS. | : | CIVIL ACTION FILE NO. |
| | : | **7 : 08-CV-149 (HL)** |
| Warden DARRELL HART, et al., | : | |
| Defendants. | : | |

**RECOMMENDATION**

Presently pending in this *pro se* prisoner 42 U.S.C. § 1983 action is defendants' motion to dismiss under 12(b)6 of the Federal Rules of Civil Procedure (doc. 11).

"[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers and can only be dismissed for failure to state a claim if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." <u>Estelle v. Gamble</u>, 429 U.S. 97, 97 S.Ct. 285, 292, 50 L.Ed.2d 251 (1976) (internal quotations omitted). See also <u>Erickson v. Pardus</u>, 551 U.S. 89, 94, 127 S.Ct. 2197, 2200 (2007).

In his complaint, plaintiff alleges that Defendants Warden Hart, Officer Fleming and Officer Thompson failed to protect him from other inmates. (See generally Doc. 2). Specifically, Plaintiff alleges that on March 2, 2008, inmates Charles Wright, Leon Thrasher and Alex Hambberger ran into his cell and assaulted him. (Id., p. 4). Plaintiff alleges that the three inmates then forced Plaintiff to call his family and write his attorney to arrange for the inmates to be paid money so that they could purchase drugs and cellular phones. (Id.) Plaintiff states that he

wrote Warden Hart a letter on March 25, 2008, about the incident and sought protection, but Warden Hart told Plaintiff he was a liar and to get out of his office. (Id., p. 5; Doc. 2-2, pp. 8-9). In the letter, Plaintiff relays the March 2008 incident and states that he needs protection because there are gangs in the prison, but Plaintiff does not identify specific individuals beyond nicknames. (Doc. 2-2, p. 9). [1]

Plaintiff next alleges that on October 6, 2008, inmate Sims Clendon punched him in the face, causing injury to his mouth, face, and left eye. (Id., p. 11). Plaintiff alleges that he ran to the control room and asked Officers Fleming and Thompson for help and protection, but they too feared the inmate. (Id., p. 12). Plaintiff contends that inmate Clendon continued to beat and punch him in front of Officers Fleming and Thompson, but the officers did not help him. (Id.) Plaintiff contends that other inmates eventually helped him after he passed out and fell on the floor. (Id., p. 13). Plaintiff alleges that he suffered injuries to his eyes, cheek, face, lips, and head, including two broken teeth and an ear injury that bled for several days. (Id., pp. 11-12). Plaintiff seeks monetary and injunctive relief.

*Failure to Exhaust*

Defendants contend that plaintiff failed to exhaust administrative remedies regarding the October 2008 incident involving defendants Fleming and Thompson.

According to the affidavit submitted by defendants in support of their argument, the Georgia Department of Corrections ("GDC") maintains a grievance procedure that is subject to

---

[1] Although defendants recite plaintiff's claims from his original complaint regarding denial of access to courts and a false disciplinary report, those claims were dismissed by order dated November 25, 2008 (doc. 4). The **only** claims that were allowed to go forward were the claims regarding failure to protect because of plaintiff's "three strikes" status under the PLRA. Therefore, the undersigned shall not address those claims herein.

explicit guidelines and available to all inmates. (Doc. 11, Exhibit A, Affidavit of Gail Knowles, ¶ 6). Exhaustion of the GDC grievance procedure requires a three-step filing process: filing of an informal grievance, a formal grievance, and an appeal. (Id., ¶¶ 8-10). These grievance forms are available in the control rooms of all living units. (Id., ¶ 7). Inmates located in isolation and segregation areas may obtain a form upon request. (Id.) If an inmate files a timely informal grievance and a resolution is attempted, but the inmate does not feel that the informal grievance has been resolved, the inmate may move to the second step of the process and file a formal grievance. (Id., ¶¶ 8-9). A formal grievance is considered at the institutional level and after the inmate receives the Warden's response, he is provided the opportunity to file an appeal. (Id., ¶ 10). The appeal is forwarded to the Office of Inmate Affairs for review and determination, which completes the grievance procedure. (Id.)

42 U.S.C.§ 1997e(a) of the PLRA mandates that "no action shall be brought" by a prisoner under any federal law until the prisoner has exhausted all "administrative remedies as are available," as follows:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison or other correctional facility until such administrative remedies as are available are exhausted.

Alexander v. Hawk, 159 F.3d 1321, 1324 (11th Cir. 1998).

According to the documentation submitted by defendants, although Plaintiff has now fully grieved the alleged assault occurring on October 6, 2008, he filed the instant Complaint prior to completing the grievance process. Specifically, Plaintiff filed the instant lawsuit on October 14, 2008, yet he did not file a formal grievance until October 29, 2008. (Doc. 11, Knowles aff. ¶

11). Plaintiff's grievance was denied on November 13, 2008, and Plaintiff filed an appeal on November 18, 2008. (Id.). Plaintiff did not complete the GDC's administrative process until December 12, 2008, when his appeal was denied. (Id., ¶¶ 11-12).

Therefore it appears that plaintiff has failed to exhaust his administrative remedies regarding the October 2008 incident involving defendants Fleming and Thompson. Plaintiff has not satisfied the exhaustion requirement of § 42 U.S.C. 1997(e). The clear mandate of Alexander v. Hawk is that a prisoner must exhaust the remedies available under an administrative remedy program before filing an action such as this. Given these circumstances, the undersigned believes that dismissal of these claims against defendants Thompson and Fleming is mandated for failure to exhaust administrative remedies.

The court must follow the dictates of circuit law. This circuit, in interpreting the PLRA, has determined that exhaustion is now a pre-condition to suit, and the courts can no longer simply waive those requirements where it is determined the remedies are futile or inadequate. Alexander v. Hawk, 159 F.3d 1321, 1326 (11th Cir. 1998).

*Failure to State a Claim*

Defendant Hart further asserts that plaintiff fails to state a claim. Plaintiff alleges that his constitutional rights were violated when he was assaulted by three inmates on March 2, 2008, due to a lack of security in the prison. (Doc. 2, p. 4). Plaintiff alleges that he wrote a letter to Warden Hart on March 25, 2008, seeking protection following the incident, and that Warden Hart told Plaintiff he was a liar. (Id., p. 5; Doc. 2-2, pp. 8-9). Plaintiff's letter did not identify specific inmates involved in the incident except by nickname or any specific individuals whom he feared. (Doc. 2-2, p. 8-9). Plaintiff further alleges that he was assaulted a second time in

October 2008. (Doc. 2, p. 11-12); however, the inmate who allegedly attacked Plaintiff in October 2008 was not involved in the March 2008 incident, nor was he mentioned in Plaintiff's March 2008 letter to Warden Hart. (Id., pp. 4, 11-12; Doc. 2-2, pp. 8-9).

To prevail on a claim concerning deliberate indifference in violation of the Eighth Amendment, Plaintiff must, at a minimum, show that the Defendants acted with deliberate indifference to his health or safety. Estelle v. Gamble, 429 U.S. 97, 106, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976). Deliberate indifference occurs only when a defendant "knows of and disregards an excessive risk to inmate health or safety; the [defendants] must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists and [they] must also draw the inference." Farmer v. Brennan, 511 U.S. 825, 837, 114 S. Ct. 1970, 1979, 128 L. Ed. 2d 811 (1994).

The undersigned is hesitant to recommend dismissal of this claim without affording plaintiff the opportunity to amend his complaint to correct the deficiencies in his factual pleadings. Plaintiff may allege sufficient facts of defendant Hart's prior knowledge of the danger to plaintiff of attack by other inmates.

*Eleventh Amendment Immunity*

The Eleventh Amendment bars suit against a State or one of its agencies, departments or officials, absent a waiver by the State or a valid congressional override, when the State is the real party in interest or when any monetary recovery would be paid from state funds. Kentucky v. Graham, 473 U.S. 159, 169, 105 S. Ct. 3099, 3107, 87 L.Ed.2d 114 (1985). "The general test for determining whether the state is the real party in interest, even though it is not a named defendant, is whether the relief sought against the nominal defendant would in fact operate

against the state. . ." Jackson v. Georgia D.O.T., 16 F. 3d 1573, 1577 (11th Cir. 1994). The Supreme Court has repeatedly held that §1983 does not override a State's Eleventh Amendment immunity. Will v. Mich. Dep't of State Police, 491 U.S. 58, 66, 109 S. Ct. 2304, 2309-10, 105 L.Ed.2d 45 (1989); Quern v. Jordan, 440 U.S. 332, 342, 99 S. Ct. 1139, 1146, 59 L.Ed.2d 358 (1979); Kentucky, 473 U.S. at 169 n. 17, 105 S. Ct. at 3107 n. 17.

Therefore, plaintiff's claims against defendants in their official capacity for monetary damages should be dismissed as defendants are entitled to Eleventh Amendment immunity.

*Qualified Immunity*

Defendant Hart asserts that he is entitled to qualified immunity."'[G]overnment officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" Crawford-El v. Britton, 523 U.S. 574, 588, 118 S.Ct. 1584, 1592, 140 L.Ed.2d 759 (1998) (citation omitted). The test for qualified immunity is two pronged: (1) was the government official acting within the scope of his discretionary authority; and (2) whether the official's conduct violated "clearly established law." Maggio v. Sipple, 211 F. 3d 1346, 1350 (11th Cir. 2000). "Once the defendant establishes that []he was acting within h[is] discretionary authority, the burden shifts to the plaintiff to show that qualified immunity is not appropriate." Lee v. Ferraro, 284 F. 3d 1188, 1194 (11th Cir. 2002).

Where there is no dispute as to the discretionary nature of the actions complained of, like here, we look to determine (1) whether the plaintiff has factually alleged the deprivation of a constitutional right; and (2) whether that right was clearly established at the time of the violation.

Saucier v. Katz, 533 U.S. 194, 201, 121 S.Ct. 2151, 2156, 150 L.Ed.2d 272 (2001). [2]

Again, as the undersigned is giving plaintiff an opportunity to amend his complaint, determining qualified immunity at this stage is premature. It may be that defendant is entitled to qualified immunity. Defendant may reassert his defense in a subsequent motion.

*Injunctive Relief*

Defendants assert that plaintiff's request for injunctive relief is barred by the PLRA. Specifically, the PLRA states:

> Prospective relief in any civil action with respect to prison conditions shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs. The court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right. The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the relief.

18 U.S.C. §3626(a)(1)(A); see also Rowe v. Jones, 483 F.3d 791, 794 (11th Cir. 2007); Cason v. Seckinger, 231 F.3d 777 (11th Cir. 2000).

As the undersigned is giving plaintiff an opportunity to amend his complaint, he may be able to adequately state a claim regarding his request for injunctive relief. Therefore, it appears a determination of this issue is also premature.

*Conclusion*

The undersigned RECOMMENDS that defendants' motion to dismiss should be **GRANTED in part and DENIED in part** as specified above without prejudice to their right to file another motion. If the district judge to whom this case is assigned adopts this

---

[2]The mandatory nature of the Saucier two-step rule was modified in Pearson v. Callahan, 129 S.Ct. 808 (2009) to allow the district and appellate courts to have discretion in determining which step to perform first.

recommendation, then plaintiff shall have THIRTY (30) DAYS from the date of the district judge's order in which to amend his complaint.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this recommendation with the Honorable Hugh Lawson, United States District Judge, WITHIN TEN (10) DAYS of receipt thereof.

**SO RECOMMENDED**, this 31st day of August, 2009.

//S Richard L. Hodge
RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE

msd