# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

| | | |
|---|---|---|
| JEAN JOCELYN MERILIEN, | : | |
| Plaintiff, | : | |
| VS. | : | CIVIL ACTION FILE NO. |
| | : | 7 : 08-CV-149 (HL) |
| Warden DARRELL HART, | : | |
| Defendant. | : | |

## RECOMMENDATION

Presently pending in this *pro se* prisoner 42 U.S.C. § 1983 action is Defendants' motion to dismiss (Doc. 35) and Plaintiff's motion to again amend his complaint (Doc. 42).

In his initial and amended complaint, Plaintiff alleges that Defendant officials failed to protect him from other inmates at Valdosta State Prison. (See generally Docs. 2 and 34). Specifically, as to Defendant Hart, Plaintiff alleges that on March 2, 2008, inmates Charles Wright, Leon Thrasher and Alex Hambberger ran into his cell and assaulted him. (Doc. 2, p. 4). Plaintiff alleges that the three inmates then forced Plaintiff to call his family and write his attorney to arrange for the inmates to be paid money so that they could purchase drugs and cellular phones. (Id.) Plaintiff attached a letter that he states he wrote Warden Hart on March 25, 2008, about the incident and sought protection; however, Plaintiff states that Warden Hart told Plaintiff that he was a liar and to get out of his office. (Id., p. 5; Doc. 2, Exhibit A pp. 8-9). In the letter, Plaintiff relays the March 2008 incident and states that he needs protection because there are gangs in the prison, but Plaintiff did not identify specific individuals beyond nicknames. (Doc. 2, Exhibit A, p. 9). Additionally, Plaintiff alleges that on October 6, 2008,

inmate Sims Clendon physically assaulted him in front of Defendants Fleming and Thompson, but that they took no action to help him.

Defendants Warden Hart, Damita Fleming, and Teresa Thompson[1] filed an earlier motion to dismiss (Doc. 11). That motion to dismiss was granted in part as to Defendants Fleming and Thompson[2] regarding the incident in October 2008, but denied in part as to Defendant Hart[3]. Additionally, Plaintiff was given leave to amend his complaint against Defendant Hart. (Docs. 31 and 32). However, Plaintiff filed his amended complaint (Doc. 34) again against all three Defendants, even though Defendants Fleming and Thompson were dismissed from the case for Plaintiff's failure to exhaust administrative remedies regarding the October 2008 incident. The undersigned further notes that Plaintiff did not file objections to the recommendation (Doc. 31) to dismiss Defendants Fleming and Thompson. Defendants Fleming and Thompson are not alleged to have been involved in the March 2008 incident and are no longer part of this lawsuit.

*Defendants' Motion to Dismiss (Doc. 35)*

Although this motion to dismiss has been submitted on behalf of Defendants Hart, Fleming and Thompson, the undersigned considers this motion only in regards to Defendant Hart, as Defendants Thompson and Fleming were previously dismissed from this action. The

---

[1] Other Defendants were named in Plaintiff's original complaint; however, because Plaintiff had "three strikes" under the provisions of the PLRA, the other Defendants and claims were dismissed from this lawsuit as Plaintiff did not allege he is in "imminent danger of serious injury" regarding the claims. (Doc. 4).

[2] Dismissal of the complaint as to Defendants Fleming and Thompson was required for Plaintiff's failure to exhaust administrative remedies prior to filing this lawsuit regarding the October 2008 incident. (Docs. 31 and 32).

[3] Dismissal was granted as to Plaintiff's claims against Defendant Hart in his official capacity. (Docs. 31 and 32).

2

undersigned further will consider the allegations in the amended complaint that pertain ONLY to Defendant Hart.

Defendant Hart asserts that Plaintiff in his amended complaint (Doc. 34) has simply reiterated the allegations against him without adding any additional facts. Out of an abundance of caution, Defendants assert the same defenses contained in their original motion. However, as all claims against Fleming and Thompson, all claims regarding the October 2008 incident, and the claims against Defendant Hart in his official capacity were all dismissed by virtue of the order at Doc. 32, the undersigned will not address those grounds for dismissal herein.

A complaint is subject to dismissal pursuant to Fed.R.Civ.P. 12(b)(6), if it does not "state a claim upon which relief can be granted." When ruling on a motion seeking dismissal, all factual allegations in the complaint must be accepted as true, with all reasonable inferences construed in the light most favorable to the plaintiff. *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 1964, 167 L.Ed.2d 929 (2007). Conclusory allegations and unwarranted deductions of fact, however, are not admitted as true. *Cotton v. Massachusetts Mut. Life Ins. Co.,* 402 F.3d 1267, 1278 (11th Cir.2005). Moreover, "[a]complaint is subject to dismissal under Rule 12(b)(6) when its allegations-on their face-show that an affirmative defense bars recovery on the claim." *Marsh v. Butler County, Alabama,* 268 F.3d 1014, 1022 (11th Cir.2001) ( *en banc* ) (citing *Quiller v. Barclays American/Credit, Inc.,* 727 F.2d 1067, 1069 (11th Cir.1984) *vacated on petition for rehearing, reinstated by* 764 F.2d 1400 (11th Cir.1985)). The complaint may be dismissed if the facts as pled do not state a claim to relief that is plausible on its face. *See Twombly*, 550 U.S. 544, 569 (2007).

Prison officials clearly have a duty to protect prisoners from violence at the hands of other prisoners. *Farmer v. Brennan,* 511 U.S. 825, 833 (1994) (internal citation omitted).

3

Nevertheless, not every injury "suffered by one prisoner at the hands of another ... translates into constitutional liability for prison officials responsible for the victim's safety." *Id.* at 834. To sustain a claim, the inmate must establish that the prison official in question both was aware that the inmate faced "a substantial risk of serious harm" and "disregard[ed] that risk by failing to take reasonable measures to abate it." *Id.* at 847.

A plaintiff must demonstrate that the defendant was aware of specific facts from which an inference could be drawn that a substantial risk of serious harm exists and that the prison official drew that inference. *Purcell v. Toombs County, Ga.,* 400 F.3d 1313, 1319-20 (11th Cir. 2005); *Carter v. Galloway,* 352 F.3d 1346, 1349 (11th Cir.2003). In other words, to show that an official had subjective knowledge, the court is to inquire whether the defendant was aware of a "particularized threat or fear felt by [the plaintiff]." *Carter,* 352 F.3d at 1350. "An official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot ... be condemned as the infliction of punishment" and does not give rise to a constitutional violation. *Farmer,* 511 U.S. at 838.

Plaintiff fails to allege that Defendant Hart was aware of a specific threat of harm or that such a threat existed prior to the altercation in March of 2008. All Plaintiff has offered are his allegations that there are gangs in the prison, there was a lack of prison security, and Defendant Hart should have protected him from the incident in March of 2008. While Plaintiff states that he did write a letter to Defendant Hart, it was three weeks after the incident in question and he did not identify the assailants except by nickname. (Doc. 2). Plaintiff submits the sworn statement of another inmate who witnessed the March 2008 incident (Doc. 2), but this statement makes no proffer regarding any prior knowledge of the risk of harm to Plaintiff.

To the extent that Plaintiff seeks to hold Warden Hart vicariously liable for the conduct

of others, he also fails to state a claim. See *Brown v. Smith*, 813 F.2d 1187, 1187 (11th Cir. 1987) (concluding that a 42 U.S.C. §1983 claim cannot be based upon vicarious liability).

Plaintiff was given an opportunity to amend his complaint in order to allege sufficient facts regarding his failure to protect claim. Plaintiff simply has not alleged the requisite knowledge on the part of Defendant Hart to state a claim against him. It is therefore the RECOMMENDATION of the undersigned that Defendant's motion to dismiss the complaint be **GRANTED**.

*Plaintiff's Motion to Amend his Complaint (Doc. 42)*

Plaintiff was given an opportunity to amend his complaint against Defendant Hart; Plaintiff filed his amended complaint on October 16, 2009. (Doc. 34).

Plaintiff then filed a motion to amend his complaint on May 17, 2010. (Doc. 42). In this motion, Plaintiff seeks to add the Georgia Department of Corrections to this lawsuit, as that entity failed to adequately train Defendants in order to prevent the attacks on Plaintiff by gang members. Plaintiff additionally seeks to clarify his claims against Defendants Hart, Fleming, and Thompson regarding both the March 2008 incident and the October 2008 incident, and to further hold them liable for the theft of his CD player and their refusal to replace it.

Plaintiff has failed to give any justification as to why he could not have made these new allegations in his original complaint or the previous amendments thereto, or why he waited until now, after the filing of the second motion to dismiss by a Defendant, to attempt to add in an additional Defendant.

Additionally, the State of Georgia and its agencies (including the Georgia Department of Corrections) are immune from suit under the Eleventh Amendment. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S.

89 (1984).

Plaintiff has merely reiterated the allegations against Defendant Hart that were already contained in his earlier filings, and offers nothing new. Moreover, he attempts to add back in Defendants Fleming and Thompson, when the claims against them were dismissed for Plaintiff's failure to exhaust administrative remedies.

Accordingly, it is the RECOMMENDATION of the undersigned that Plaintiff's motion to amend the complaint be **DENIED**.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this recommendation with the Honorable Hugh Lawson, United States District Judge, WITHIN FOURTEEN (14) DAYS after being served with a copy.

**SO RECOMMENDED**, this 9th day of August, 2010.

S//Thomas Q. Langstaff  
THOMAS Q. LANGSTAFF  
UNITED STATES MAGISTRATE JUDGE

msd